OPINION
Defendant-appellant, Wendell M. Barnett, appeals the judgment of the Franklin County Municipal Court issued on August 6, 1999, ordering appellant jailed until August 23, 1999, and placing him on probation for three years. On January 9, 1997, appellant pled guilty to the misdemeanor offense of driving without a valid operator's license, in violation of Columbus City Code 2135.01(a)(1). The trial court imposed the maximum authorized jail sentence of one hundred eighty days. The trial court gave appellant twenty-five days of jail-time credit and suspended the remaining one hundred fifty-five days upon the condition that appellant pay his court costs and have no further convictions for three years.
On March 10, 1999, the trial court determined that appellant violated the conditions of his probation and ordered him to serve the balance of his jail sentence. At that time, appellant had an additional ten days of jail-time credit and the balance of his sentence was one hundred forty-five days.
On April 27, 1999, the trial court allowed appellant to participate in the Intensive Supervision-Residential Program. The trial court ordered appellant to spend the remaining ninety-seven days of his jail sentence in the work release program. On July 22, 1999, appellant was terminated from the work release program due to repeat rule violations and was placed back in jail. A statement of the work release violations was prepared on August 4, 1999, and a hearing on the violations was held on August 6, 1999. At the hearing, appellant stipulated to the violations. Appellant's counsel also confirmed with the trial court that appellant originally was to be released from jail on Sunday, August 1, 1999, but that the trial court wanted appellant held until it could hold a hearing on the rule violations. At the conclusion of the hearing, the trial court ordered appellant to remain in jail until August 23, and placed him on probation for three years.
Appellant appeals, raising one assignment of error:
 THE TRIAL COURT COMMITTED REVERSIBLE ERROR AND DEPRIVED APPELLANT OF DUE PROCESS OF LAW BY IMPOSING A PERIOD OF INCARCERATION AND PROBATION AFTER APPELLANT HAD SERVED THE MAXIMUM SENTENCE ALLOWED BY LAW.
As noted above, in January 1997, the trial court sentenced appellant to the maximum authorized jail sentence of one hundred eighty days. Appellant asserts that he completed the maximum authorized jail sentence in early August 1999, when considering jail-time credits. Thus, according to appellant, the trial court erred when it issued a judgment entry on August 6, 1999, ordering him to remain in jail until August 23, and placing him on probation for three years. In making this assertion, appellant contends that he is entitled to jail-time credit for the time he participated in the Intensive Supervision-Residential Program. We agree.
Under R.C. 2967.191, a defendant is entitled to jail-time credit for times the defendant was under "confinement" for the offense for which he or she was convicted and sentenced. Thus, we have previously recognized that a trial court is required to grant jail-time credit for the time a defendant participates in a work release program where the defendant was "not free to do as he pleased," but was in "constructive custody" of law enforcement officials. State v. Kirkland (Sept. 21, 1999), Franklin App. No. 98AP-1304, unreported.
In this case, the trial court ordered appellant to participate in the Intensive Supervision-Residential Program, a work release program. While appellant was participating in the work release program, he was to abide by the rules and regimen of the program, which included not going to bed before 8 p.m. Therefore, we conclude that appellant participated in a work release program that constitutes "confinement" under R.C. 2967.911. As such, appellant is entitled to jail-time credit for the time he was participating in the work release program.
Accordingly, when taking into consideration credits for jail time, we conclude that appellant had already served the maximum authorized jail sentence when the trial court issued the August 6, 1999 judgment entry ordering appellant to remain in jail until August 23, and placing him on probation for three years. Once a defendant serves the maximum jail term permissible under the statute for a misdemeanor offense, the trial court loses authority to attach additional terms of probation or incarceration for the offense. City of Mansfield v. Lawhun (Sept. 17, 1998), Richland App. No. 98-CA-19-2-2-C, unreported.
As such, the trial court erred when it imposed the additional periods of jail and probation. Therefore, appellant's single assignment of error is sustained, and the judgment of the Franklin County Municipal Court is reversed and this cause is remanded to the trial court for further proceedings consistent with this opinion.
PETREE and TYACK, JJ., concur.